COMMONWEALTH *v.* H. C. ROGERS, ET AL.

**Criminal Law—Joint Indictment.**

It is not necessary to the conviction of one jointly indicted with another that both should be proven guilty, but where a separate offense by each be proven, unless the state will dismiss as to one, both must be convicted.

**Single Offense.**

Only one offense can be embraced in a single prosecution.

APPEAL FROM CUMBERLAND CRIMINAL COURT.

January 7, 1880.

OPINION BY JUDGE COFER:

There was no error in instruction No. 1.  The indictment was joint, and there was no evidence conducing to prove a joint offense, but if the evidence conduced to prove an offense at all it was an offense committed by each at different times, and having no connection with each other.  This did not appear on the face of the indict-

ment. It came out in the evidence and could only be taken advantage of by instructions. It is certainly not necessary to the conviction of one jointly indicted with another that both should be proven guilty. But if a separate offense by each be proved then, unless the attorney for the commonwealth shall dismiss as to one, both must be acquitted. Otherwise all who may have committed breaches of the peace within the county within one year previous to the indictment might be jointly indicted and put upon trial together, and each be convicted of a breach of the peace having no connection with the offense committed by any other. This would lead to confusion in trials and would burden any one convicted of the costs not only of the prosecution against himself, but with the costs against all others who 'might be acquitted, and would violate a fundamental rule of criminal procedure, which requires that only one offense shall be embraced in a single prosecution.

Judgment *affirmed*.

*Hardin, for appellant.*